## The First National Bank of Lincoln, Appellant, v. Harry E. Starkey et al., Appellees.

1. CREDITORS' SUIT, § 11*—*when creditor's bill will not lie to reach trust funds.* By section 49 of the Chancery Act (J. & A. ¶ 929) a creditor's bill will not lie to reach a fund held in trust when the trust or the fund has proceeded in good faith from some person other than the judgment debtor.

2. CREDITORS' SUIT, § 9*—*when distributive share of legatee cannot be reached.* A creditor's bill will not lie to reach the distributive shares of judgment debtors, as legatees under a will, before the order of distribution is made, where there is no fraud on the part of the executors and they have honestly and openly received the estate.

Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

C. EVERETT SMITH and THOMAS D. MASTERS, for appellant.

W. A. COVEY, for appellees.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

This is a bill in chancery filed by the First National Bank of Lincoln, Illinois, the appellant, against Charles A. Nicholson and Harry E. Starkey, executors of the last will and testament of Aaron B. Nicholson, deceased, in their capacity as executors and also against other persons in their individual capacity to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

reach the distributive interests in the estate of one Aaron B. Nicholson, deceased, of Mary B. Nicholson and Albert R. Nicholson, to pay a deficiency decree obtained by appellant against Mary B. Nicholson and Charles A. Nicholson in a foreclosure proceeding and a judgment obtained by confession against Charles A. Nicholson and Albert R. Nicholson. The bill alleges that on the second day of November, 1912, appellant obtained a judgment by confession against Charles A. Nicholson and Albert R. Nicholson for the sum of $2,612.21, and that on the sixteenth day of November, 1912, the appellant in a foreclosure proceeding obtained a deficiency decree against Mary B. Nicholson and Charles A. Nicholson and that appellant had had execution issued on both judgments. The bill further alleges that on the third day of October, 1912, one Aaron B. Nicholson departed this life testate; that said will was duly probated in the County Court of Logan county, and by its terms he bequeathed his personal property, amounting to the sum of about $30,000, to the said Mary B. Nicholson, Albert R. Nicholson, and to Emma Howell, Elvira Shaner, Ruth Ewing, Lillie E. Starkey and Edward R. Nicholson, residuary legatees, share and share alike; that appellee Charles A. Nicholson is the husband of the said defendant Mary B. Nicholson, and a brother of the defendant Albert R. Nicholson, and that the appellee Harry E. Starkey is a brother-in-law of the said appellee Charles A. Nicholson; that by the terms and provisions of said will, said appellees are nominated as the executors thereof, and that upon the probate thereof, letters testamentary issued to them out of and under the seal of the County Court of Logan county, and that said appellees have since been acting and are now acting as the executors thereof.

The bill further alleges that at the time of the death of the said Aaron B. Nicholson, according to land records of Logan county, Illinois, he was the owner in fee of certain real estate, described in said bill and lo-

cated near the city of Lincoln; that appellant has been informed the said Aaron B. Nicholson, sometime before his death, conveyed said premises by deed to the said Mary B. Nicholson; that the said Mary B. Nicholson for the purpose of hindering, delaying and defrauding appellant has refused to file said deed for record and that appellant does not know whether by said deed the said Mary B. Nicholson took a life estate or the fee, and is unable to ascertain.

The bill further alleges that said appellees are insolvent; that they are serving as executors, as aforesaid, without bond; that the said Mary B. Nicholson and Albert R. Nicholson, judgment debtors, as aforesaid, have no property of any kind or description, except their said distributive share coming to them as legatees under the terms of the last will of the said Aaron B. Nicholson, deceased, and, excepting as to the said Mary B. Nicholson, the said real estate supposed to have been conveyed to her in the lifetime of the said Aaron B. Nicholson, which is of small value and in which she has a homestead.

The bill further alleges that the said Mary B. Nicholson, Charles A. Nicholson and Albert R. Nicholson have stated that they proposed to prevent appellant from satisfying its said judgment out of their said distributive shares and that although appellant has applied to the said Charles A. Nicholson and Harry E. Starkey, as executors, for information as to the amount of the distributive shares due the said Mary B. and Albert R. Nicholson under the terms of the last will of Aaron B. Nicholson, deceased, and as to when they would apply to the County Court of Logan county for an order of distribution in said estate, the said appellees, as executors aforesaid, have refused to give appellant such information or any information with respect to such matters.

The bill further alleges and points out that under the laws of this State, said appellees, as executors of the

last will of Aaron B. Nicholson, deceased, cannot at any time before the County Court of Logan county makes an order of distribution in said estate be garnishied, and that said appellees, as executors, are standing with and propose to aid the said Mary B. Nicholson and Albert R. Nicholson in preventing appellant from satisfying its said judgment claim against them, the said Mary B. and Albert R. Nicholson.

In so far as appellees are concerned, the bill prays that they may be required, at any time they apply to said County Court for an order of distribution of said personal property in said estate, to set up therein petition for said order, the said judgment claims of appellant against the said Mary B. and Albert R. Nichol-·son; that they give notice to appellant of the time when they shall apply to said County Court for such order of distribution, and that upon such order of distribution being made, they be required to pay to appellant the ascertained distributive shares of the said Mary B. and Albert R. Nicholson, or so much thereof as shall appear necessary to satisfy the amount of said judgments so held by appellant against said legatees, and that appellees be restrained from paying to the said Mary B. and Albert R. Nicholson, either upon partial or final distribution, any part of their legacies until the further order of court.

The executors demurred to the bill, the demurrer was sustained and the bill dismissed as to the executors.

The executors are trustees of the estate of the deceased and hold the estate in trust until an order of distribution has been made. The executors do not hold anything they have received from the judgment debtors. There is no fraud on their part and they have honestly and openly received the estate under the will and the legatees are simply beneficiaries under the will. An executor is a

trustee of the estate. By section 49 of the Chancery Act (J. & A. ¶ 929), a creditor's bill will not lie to reach funds when the trust or the fund held in trust has proceeded in good faith from some person other than the defendants. The court properly dismissed the bill as to the executors.

*Decree affirmed.*