Warner W. Hurst, Appellant, v. American State Bank and Horatio C. Bent, Appellees.

Gen. No. 9,211.

Heard in this court at the October term, 1939. Opinion filed January 15, 1940.

WAYNE C. TOWNLEY and J. OSCAR HALL, both of Bloomington, for appellant.

COSTIGAN & WOLLRAB, of Bloomington, for appellees.

MR. JUSTICE HAYES delivered the opinion of the court.

Warner W. Hurst, plaintiff appellant herein, recovered judgment in the circuit court of McLean county, against Horatio C. Bent, for one thousand one hundred sixty-seven and 50/100 ($1,167.50) dollars and costs, on June 11, 1937. Execution was issued and returned unsatisfied. On October 10, 1938, Hurst filed a complaint in the nature of a creditor's bill against Bent and the American State Bank, alleging that the bank had, under its control, money or other property in which Bent had a beneficial interest, and prayed that a full and complete discovery be made and that any money or property in which Bent had an equitable interest be applied in satisfaction of the judgment. Defendants' answer admitted the existence and nonpayment of plaintiff's judgment; but denied that the bank had any money or property under its control which could be applied on the judgment. Their answer also set forth, in reply to the prayer for discovery, that the last will and testament of Edith Neville, deceased, bequeathed twenty five thousand ($25,000.00) dollars in trust to the American State Bank, the income to be paid to Ada C. Bent during her lifetime, and the principal to be paid to Horatio C. Bent, upon the death of the life tenant. The answer further set forth that Ada C. Bent was still living. Plaintiff and defendants both filed motions for judgment on the pleadings. The circuit court of McLean county sustained defendants' motion and dismissed the complaint. Plaintiff has appealed to this court from that order.

The sole issue presented on this appeal is whether the interest of Bent in the trust fund, set up by the will of Edith Neville can be reached by a creditor's bill. The clause in the Neville will applicable here is as follows:

"Sixth: I give devise and bequeath to my executor herein named as trustee the sum of Fifty-five Thousand Dollars ($55,000.00) to be applied as follows, that is to say:

"(a) It shall from said fund set apart a fund of Twenty-five Thousand Dollars ($25,000.00) which it shall keep invested in approved interest bearing securities and shall from time to time as the income thereof received pay said income to my beloved aunt, Ada C. Bent, of Bloomington, Illinois during the term of her natural life and at the decease of the said Ada C. Bent, I direct that said fund be paid over to my cousin, Horatio C. Bent, to be his absolutely."

There can be no doubt that the above clause created a trust of personal property for Ada C. Bent during her lifetime with a vested remainder in Horatio C. Bent. *Nicol v. Morton,* 332 Ill. 533; *Pearson v. Hanson,* 230 Ill. 610.

Section 49 of the Chancery Act (Ill. Rev. Stat. 1937, ch. 22, sec. 49 [Jones Ill. Stats. Ann. 106.12]) provides that a creditor's bill can be filed "to compel the discovery of any property or thing in action, belonging to the defendant, and of any property, money, or thing in action due to him, or held in trust for him, and to prevent the transfer of any such property, money or thing in action, or the payment or delivery thereof to the defendant, except when such trust has, in good faith, been created by, or the fund so held in trust has proceeded from, some person other than the defendant himself." Under this provision it is clear that a creditor's bill cannot be used to reach the interest of a *cestui que trust (First Nat. Bank v. Starkey,* 190 Ill. App. 532) nor that of a remainderman whose interest is protected by a spendthrift clause (*Von Kesler v. Scully,* 267 Ill. App. 495) or who does not obtain legal title to the trust *res* upon the death of the life tenant without affirmative action on the part of the trustee. (*Kenwood Trust & Savings Bank v. Palmer,* 209 Ill. App. 370.)

We do not believe that the interest of Horatio C. Bent falls within any of the exceptions just noted. Under the will of Edith Neville, Ada C. Bent is the *cestui que trust* and Horatio C. Bent has a vested re-

mainder. No spendthrift clause is contained in the will and upon the death of Ada C. Bent, the principal of the trust is to be paid over to the remainderman without further act on the part of the trustee.

Under these circumstances we believe that the rule laid down in *Kenwood Trust & Savings Bank v. Palmer, supra,* applies. In that case a testatrix conveyed to her two daughters during their lifetime and, ''At the death of the survivor of my two said daughters . . . this trust shall cease and my entire estate then existing, of every kind and nature, both real and personal, and wherever situate, shall be delivered over to my grandchildren then living. . . .'' The Appellate Court for the First District there held that the remainder interest of one of the testatrix's grandchildren could, under section 49 of the Chancery Act, be reached by a creditor's bill during the lifetime of the testatrix's daughters. That court said: ''The trustee does not hold the contingent remainder of this property in trust for the defendant. He merely holds a life estate in that property in trust for the two daughters. Where property is held in trust for the benefit of some person during the lifetime of such person, and is to go without any action of the trustee after the expiration of the trust upon the death of the *cestui que trust* to another, the interest of the latter in the property in question is not within the trust. *Bergmann v. Lord,* 194 N. Y. 70, 86 N. E. 828.''

We therefore hold that the interest of Horatio C. Bent created by the will of Edith Neville in the property now administered by the American State Bank is subject to sale on a creditor's bill. By this holding we do not mean that the assets of the trust are to be affected in any way; only the vested remainder of Horatio C. Bent is subject to sale.

The judgment of the circuit court of McLean county is now reversed and the cause is remanded to that court for further proceedings in conformity with this opinion.

*Reversed and remanded.*