Lillian Bell Gregory Knight, Plaintiff, v. Charles A. Gregory et al., Defendants.

Belle W. Castle et al., Appellants, v. Hardware State Bank, Appellee.

Arthur Rogers and Sybil Rogers, Appellants, v. J. R. Drake, Administrator De Bonis Non of Estate of Sarah Estella Gregory Donovan, Deceased, Appellee.

Gen. Nos. 9,423, 9,424.

Heard in this court at the October term, 1943. Opinion filed February 29, 1944. Rehearing denied May 2, 1944.

Asa S. Chapman, of Champaign, for appellants.

White & Ingram, of Sullivan, for certain appellee.

ROBERT F. WHITE, of Sullivan, for certain other appellee.

MR. JUSTICE HAYES delivered the opinion of the court.

James A. Gregory died a resident of Moultrie county, Illinois on October 14, 1927 leaving a last will and testament which was duly admitted to probate. This instrument is, in part, as follows: ''Second— After the payment of such funeral expenses and debts, I direct my estate, both real and personal, to be divided into five and one-half shares to be distributed as follows, viz: To my son Charles A. Gregory, two shares; to my daughter Estella Donovan one share; to my daughter Lillian B. Knight, one share; to my daughter Ginevra F. Wacaser, one share, and to my grandson, Gregory Prichard, one half share. The sale and distribution of my estate, after my death, to be left entirely to the judgment of my son, Charles A. Gregory, in whom I have the utmost confidence, both as to his ability and integrity.'' On December 9, 1927 Lillian B. Knight filed a bill in the circuit court of Moultrie county for partition of the testator's real estate which was dismissed for want of equity. An appeal was taken to the Supreme Court where the above quoted provision of the will was construed by the Supreme Court to have effected an equitable conversion of the real estate into personal property and to have created an active trust with Charles A. Gregory as trustee. The decree of the circuit court of Moultrie county was therefore affirmed. *Knight v. Gregory,* 333 Ill. 643, 165 N. E. 208.

On May 12, 1937, Mrs. Knight filed a complaint in the circuit court of Moultrie county to construe the will of James A. Gregory, to define the powers of the trustee and to seek the removal of Charles A. Gregory as such trustee. The complaint was later amended and a hearing was had on January 22, 1941 which re-

sulted in a decree removing Charles A. Gregory as trustee and ordering a sale of the property at public sale. Charles A. Gregory appealed to the Supreme Court from this decree but the cause was transferred to this court because no freehold was involved. *Knight v. Gregory,* 378 Ill. 565, 39 N. E. (2d) 40. Upon review in this court, we affirmed the decree of the circuit court. *Knight v. Wacaser,* 317 Ill. App. 162, 46 N. E. (2d) 176.

On June 5, 1937, after the second complaint by Mrs. Knight had been filed, the Hardware State Bank obtained a judgment against Charles A. Gregory and her amended complaint filed on September 14, 1938 made that Bank a party. On November 27, 1937 Charles A. Gregory executed an assignment of his distributive share of his father's estate to O. H. Castle of Lake Charles, Louisiana, which assignment was acknowledged before a notary public in Cook county, Illinois, on January 12, 1938. This assignment was filed in the office of the clerk of the county court of Moultrie county on January 26, 1939.

Estella Donovan, another of the beneficiaries under the will of James A. Gregory, died December 5, 1931. On December 9, 1931 her husband, Za Donovan and her daughter LaVergne Donovan Rogers, who were the sole heirs of Estella Donovan, assigned their interest, as such heirs, in the estate of James A. Gregory to Arthur Rogers and Sybil Rogers. This instrument was filed for record in Moultrie county. On December 18, 1931 letters of administration in the estate of Estella Donovan were issued by the county court of Moultrie county to Charles A. Gregory on his petition. No inventory was filed in this estate but a claim for $627.32 was filed therein by the receiver of the Merchants & Farmers State Bank who had obtained a judgment against Mrs. Donovan prior to her death. This claim was allowed by the court on February 12, 1938 and was later assigned to J. R. Drake. On Jan-

uary 14, 1938 Charles A. Gregory started a second proceedings to administer the estate of Estella Donovan, this time in Cook county and Stanley Davies was appointed administrator by the probate court of that county. Gregory thereupon filed his final report as administrator in Moultrie county and resigned. The county court of Moultrie county appointed Drake, the assignee of the claim of the Merchants & Farmers State Bank as administrator *de bonis non* but did not approve the final report of Charles A. Gregory. That matter is still pending in the county court there. On January 6, 1940 the estate proceedings in Cook county were closed and Davies was discharged as administrator, the estate being described as a "no asset" estate.

When Mrs. Knight filed her amended complaint in the second proceedings started by her in the circuit court, Arthur Rogers and Sybil Rogers were made parties defendant and at the hearing they were represented by a guardian *ad litem* because they were minors. They have now attained their majority. In the original decree of the circuit court in the second proceeding the court found that the interest of Charles A. Gregory in his father's estate was subject to the lien of the judgment obtained by the Hardware State Bank, that the interest of Estella Donovan was subject to any claims against her estate and that her share of her father's estate should be paid to her administrator. On February 10, 1941 the heirs of O. H. Castle filed a petition for leave to intervene and to have the decree modified, setting up the assignment noted above to O. H. Castle by Charles A. Gregory of his interest in his father's estate and suggesting the death of O. H. Castle. The court permitted the intervention and modified its decree to reserve for future determination the rights of the Castle heirs, the Hardware State Bank and of all other creditors and assignees of the beneficiaries under James A. Gregory's

will. On the appeal from that decree, we approved the order of the court allowing the Castle heirs to intervene but declined to review their rights or those of the Hardware State Bank and the other creditors and assignees because their rights had not yet been determined finally by the circuit court.

After our decision in *Knight v. Wacaser, supra,* was rendered, the Hardware State Bank filed its answer to the intervening petition of the Castle heirs alleging that the assignment by Charles A. Gregory to O. H. Castle of Gregory's share in his father's estate was without consideration, a fraud on creditors, and void. The Castle heirs then filed a motion to strike this answer of the Hardware State Bank and to dismiss the bank as a misjoined party alleging that the Bank's judgment was not a lien upon the interest of Charles A. Gregory in his father's estate and that the Bank had no interest in the subject matter of the suit. On July 13, 1943 Arthur Rogers and Sybil Rogers filed a motion, supplemental to their answer claiming a right to share in the distribution of the trust estate of James A. Gregory by virtue of the assignment to them of Estella Donovan's interest therein by her heirs. J. R. Drake, administrator *de bonis non* of the estate of Estella Donovan by appointment of the county court of Moultrie county resisted this motion.

On July 23, 1943 the circuit court entered an order denying the motion of the heirs of O. H. Castle to strike the answer of the Hardware State Bank to their intervening petition and to dismiss the Bank from the suit. On the same day, that court also denied the motion of Arthur Rogers and Sybil Rogers for leave to share in the distribution of the trust estate and ordered that the share of Estella Donovan be paid to the legally appointed administrator of her estate. The heirs of O. H. Castle have appealed to this court from the order denying their motion and Arthur Rogers and Sybil Rogers have appealed from the order deny-

ing their motion. The two appeals have been consolidated by order of this court.

The Castle heirs contend that the judgment of the Hardware State Bank is not a lien upon the interest of Charles A. Gregory in the funds in the hands of the trustee of his father's estate and in support of their contention cite section 49 of the Chancery Act (Ill. Rev. Stat. 1943, ch. 22, sec. 49 [Jones Ill. Stats. Ann. 106.12]) which provides in part as follows: "Whenever an execution shall have been issued against the property of a defendant, on a judgment at law or in equity, and shall have been returned unsatisfied . . . , the party suing out such execution may file a complaint against such defendant, and any other person, to compel the discovery of any property . . . belonging to the defendant, and of any property . . . due to him, or held in trust for him, and to prevent . . . the payment or delivery thereof to the defendant, except when such trust has, in good faith, been created by, or the fund so held in trust has proceeded from, some person other than the defendant himself. The court shall have power . . . to prevent such transfer, payment or delivery, and to decree satisfaction of the sum remaining due on such judgments, out of any personal property . . . belonging to the defendant, or held in trust for him, with the exception above stated . . . ."

This section has been construed to exempt from creditors' claims the interest of a beneficiary in a spendthrift trust, *Potter v. Couch,* 141 U. S. 296; *Congress Hotel Co. v. Martin,* 312 Ill. 318, 143 N. E. 838, and at least that portion of the income from an ordinary trust which is necessary for the maintenance of a beneficiary. *Binns v. La Forge,* 191 Ill. 598. The issue here, however, is whether section 49 of the Chancery Act extends its protection at the time of distribution of the corpus of the trust. In *First Nat. Bank of Lincoln v. Starkey,* 190 Ill. App. 532, a creditor of

a legatee under a will filed a creditor's bill against the executors of the will to reach the distributive shares of the legatee. It was there held that the executors were in effect trustees and that section 49 operated to prevent the distributive share of a legatee from being reached in their hands. We believe this decision is applicable here. It would place an intolerable burden upon a trustee to compel him to decide the rights of creditors with conflicting claims before he could make distribution. Indeed, it would be productive of much litigation. While it may be a hardship to force creditors to pursue trust assets after distribution, especially where the beneficiary has the right to assign them during the lifetime of the trust, nevertheless, a creditor is presumed to know that the trust device affords its assets insulation from involuntary seizure and he must be held to have understood the risk involved when credit was extended. The order of the circuit court in cause number 9424 is therefore erroneous.

Arthur Rogers and Sybil Rogers in their appeal contend that the circuit court erred in ordering distribution of the share of Estella Donovan in her father's estate to the legally appointed executor of her estate. In support of their position they argue that the share of Estella Donovan in the trust established by her father could not have been subjected to creditors' claims during her lifetime and that therefore it is not subject to administration for the payment of her debts after her decease. While it is true that section 49 of the Chancery Act would have protected Estella Donovan during her lifetime,—until after distribution was made, it does not necessarily follow that her heirs and their assignees are similarly protected. It should be remembered that Za Donovan and La Vergne Donovan acquired an interest in the trust fund here not by virtue of James A. Gregory's will but under the provision of the statute of descent in effect at the time of

Estella Donovan's death. That statute provided: "That estates, both real and personal, of residents . . . dying intestate . . . after all just debts and claims against such estate are fully paid, shall descend to and be distributed in manner following to-wit: . . . ." (Ill. Rev. Stat. 1929, ch. 39, sec. 1.) It is clear, from this quotation that the right to take property by descent is subject to the condition that all just debts and claims of decedent be fully paid. Thus any assignment that the heirs of Estella Donovan made of the interest they took by descent in the trust established by James A. Gregory was subject to the rights of creditors to have that share when it was distributed and administered for their benefit, pursuant to the provisions of the Probate Act. The circuit court therefore, correctly ordered the share of Estella Donovan in the estate of James A. Gregory paid to her legally appointed administrator.

In view of the phrasing of the order of the circuit court, we do not deem it proper to review the conflicting claims of the two persons appointed by different courts as administrator of the estate of Estella Donovan. We have before us only the two orders of the circuit court of Moultrie county. The orders of the probate court of Cook county and of the county court of Moultrie county obviously cannot be reviewed in this proceeding.

The order of the circuit court in cause number 9424 is therefore reversed and the cause remanded to that court with directions to enter an order in conformity with this opinion. The order of the circuit court of Moultrie county in cause number 9423 is affirmed.

*Affirmed in part and reversed in part.*