**In the Matter of Kim I. ROLFE, Debtor.**

**Bankruptcy No. 81-B-00791.**

United States Bankruptcy Court, N.D. Illinois, W.D.

Sept. 1, 1983.

Charles G. Brown, DeKalb, Ill., for petitioner.

Kenneth F. Ritz, Rockford, Ill., for respondent.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Motion of the Trustee, Rolland J. McFarland, to reconsider its Order of March 3, 1982. Attorney Charles G. Brown, who represents a creditor, has argued the Motion on behalf of the Trustee. Attorney Kenneth F. Ritz represents the Debtor.

### FACTS

On September 11, 1981, the Debtor, Kim I. Rolfe, filed a petition for relief under Chapter 7 of the Bankruptcy Code.

At the time of filing, the Debtor was a beneficiary of an insurance trust, dated August 1, 1974, created by his mother, Jane Rolfe Alongi.

Mrs. Alongi died on September 23, 1974, at which time the insurance trust was funded with proceeds payable by reason of her death.

Article SECOND, SECTION 2 of the trust provides that the interests of the beneficiary in principal and income are not subject to the claims of any creditors, any spouse for alimony or support, or others, or to legal process, and may not be voluntarily or involuntarily alienated or encumbered.

Article FIRST, SECTION 5 of the trust states that during Rolfe's lifetime he has an absolute right to withdraw from his share, from time to time, not to exceed in the aggregate (1) one-third (⅓) in value of the trust share after the second anniversary of the death of the donor (i.e., September 23, 1976, or thereafter); (2) one-half (½) in value (after deducting any amount subject to withdrawal, but not actually withdrawn) after the seventh anniversary of the death of the donor (i.e., September 23, 1981, or thereafter); and (3) the balance after the twelfth anniversary of the death of the donor.

The value of the share for purposes of withdrawal is determined as of the first exercise of the withdrawal right. Payment

must be made to Rolfe without question upon presentment of a written request.

At the time of filing, Rolfe's trust share was valued at $375,250.00. The Debtor has not exercised any right to withdraw to date.

On March 3, 1982, an uncontested Order Directing the Trustee to Abandon any interest in the trust was entered. Thereafter, at the request of creditors, the Trustee filed his Motion to Reconsider.

## ANALYSIS

■ A. Property of the estate includes all property of the Debtor as of the date the petition is filed. Section 541(a) provides three basic tests:

1. There must be property.

2. The Debtor must have a legal or equitable interest in that property.

3. The Debtor must have that interest as of the commencement of the case, or within 180 days under Section 541(a)(5).

■ There are two exceptions:

1. A power of appointment that the Debtor can exercise solely for the benefit of another. Section 541(b).

2. A "spendthrift trust" recognized under applicable state law. Section 541(c)(2).

It is the latter exception that concerns us here.

B. There are no allegations that the trust was set up in contemplation of bankruptcy, in bad faith, or with the intent to defraud creditors. It is a legitimate testamentary trust, established several years ago by the Debtor's mother.

C. A single trust may include property that falls both within and without Section 541(c)(2). Attorney Brown concedes that the portion of the trust not yet reachable by the Debtor falls within Section 541(c)(2), and is not property of the estate.

D. Granting, then, that the trust does constitute a spendthrift trust as to part of the res, by virtue of Article SECOND, SECTION 2, the question becomes: Does the language of Article FIRST, SECTION 5 of the trust remove part of the res from the otherwise exclusionary language of Section 541(c)(2)? In short, is this a spendthrift trust with an Achilles' heel?

■ Under a "pure" spendthrift trust the beneficiary's interest is neither transferable by the beneficiary nor leviable by creditors. The beneficiary cannot control it. The creditors cannot reach it. Once transferred by the Trustee to the beneficiary under the terms of the trust, however, it becomes the legal property of the beneficiary and is transferable by him and leviable by his creditors. See *Roy v. Edgar,* 11 B.R. 853 (Bkrtcy.N.D.Fla.1981). Here, by virtue of Article FIRST, SECTION 5, the beneficial interest may or may not be leviable by creditors, but it is clearly transferable by the debtor-beneficiary.

■ Generally, a spendthrift trust is created with the view of providing funds for the maintenance of the beneficiary and at the same time securing the beneficiary against his own improvidence or incapacity for self protection. The beneficiary's rights are inalienable, either by his own act, or that of his creditors. See Bogert, *Trust and Trustees,* V.J. § 222, pg. 715; Griswold, *Spendthrift Trust,* § 1, pg. 3; *Scott on Trust,* V. 1, § 152, pg. 744. Here, the formal steps of direction to the Trustee and receipt of the property have not been taken, therefore the debtor-beneficiary is not vested in possession, but he is vested in interest. It is, as Attorney Brown argues, like having money in the bank.

■ Property which a debtor in bankruptcy has the unfettered ability to possess and own is not protected by the exclusionary language of Section 541(c)(2). Such property is property of the debtor's estate.

■ E. Article FIRST, SECTION 5 of the trust falls within the provisions of Section 541(a)(5). Note carefully that the language of Section 541(a)(5) includes as property of the estate an interest that the debtor acquires or *becomes· entitled to acquire* within 180-days after the date of filing. Legal title need not have vested. *In Re Means,* 16 B.R. 775 (Bkrtcy.W.D.Mo.1982.)

F. The trustee takes the debtor's interest in that part of the trust which becomes property of the estate by virtue of the language of Article FIRST, SECTION 5 of the trust. The trustee steps into the shoes of the debtor and may assume the debtor's rights and realize the benefits therefrom under Article FIRST, SECTION 5 of the trust.

The Trustee's Motion to Reconsider should be allowed. Attorney Brown should submit an Order consistent with this Memorandum Opinion.