111 F.3d 52
 133 Lab.Cas. P 33,513
 Micale CACOK, Plaintiff-Appellant,
v.
Milton COVINGTON, individually and doing business as
Covington Electric Company, Inc., Defendants-Appellees,
and
Milton Clarence Covington, Mary Covington, Msd Institute,
Inc., Widran Urological Group, Ltd., Uhs of Belmont, doing
business as Belmont Community Hospital, Sheldon O. Burman,
and Jerrold Widran, Citation Respondents-Appellees.
 No. 96-3903.
 United States Court of Appeals,
Seventh Circuit.
 Argued March 5, 1997.
Decided April 2, 1997.*
 
 Ernest T. Rossiello (argued), Rossiello & Associates, Chicago, IL, for Plaintiff-Appellant.
 Before FLAUM, MANION, and KANNE, Circuit Judges.
 FLAUM, Circuit Judge.
 
 
 1
 Micale Cacok appeals from the district court's refusal to enforce a previous judgment in her favor. We vacate the district court's judgment and remand for further proceedings.
 
 I.
 
 2
 Micale Cacok sued Milton Covington (individually and doing business as Covington Electric Company) in the Northern District of Illinois for Fair Labor Standards Act violations. Although she secured a default judgment in the amount of $19,057.74, enforcing the judgment was difficult. In the action relevant here, Cacok discovered that Milton Covington was the plaintiff in a medical malpractice suit in the Circuit Court of Cook County and, pursuant to Federal Rule of Civil Procedure 69 and 735 ILCS 5/2-1402, she served the defendants in that action with a citation to discover assets. Following service of the citation, she moved the district court for a turnover order directing the citation respondents to turn over to her, at the close of the malpractice suit, any proceeds that might become due to Covington. The citation respondents argued that 1) they did not possess any assets belonging to Covington, because the legal action was still pending, and 2) the proposed turnover order would improperly adjudicate the priority of Cacok's lien against the potential judgment proceeds. The attorney for citation respondents acknowledged that the citation placed a lien on any judgment proceeds, but argued that the court could not enter a turnover order until a judgment had been entered in the Cook County proceeding. The district court refused to enter the turnover order, concluding that Cacok would have to take action in the Circuit Court of Cook County. Cacok appeals.
 
 II.
 
 3
 Federal Rule of Civil Procedure 69(a) directs the federal courts to employ state procedure in proceedings to execute a judgment, so we must look to Illinois law to determine what remedies may be available to Cacok in this supplementary proceeding.
 
 
 4
 Illinois allows a judgment creditor to pursue a contingent asset such as a potential judgment by serving a citation to discover assets on a third party. 735 ILCS 5/2-1402(a) (West Supp.1996). The statute specifically encompasses property to which the judgment debtor "may be entitled or which may thereafter be acquired by or become due to him or her" and "moneys ... which are due or to become due to the judgment debtor." 735 ILCS 5/2-1402(f)(1). Contrary to citation respondents' arguments, the Supreme Court of Illinois recently affirmed a case in which the judgment creditor pursued a contingent recovery against the defendants in a separate suit brought by the judgment debtor. Podvinec v. Popov, 168 Ill.2d 130, 212 Ill.Dec. 951, 658 N.E.2d 433 (1995). See also Home State Bank/National Assoc. v. Potokar, 249 Ill.App.3d 127, 187 Ill.Dec. 581, 617 N.E.2d 1302 (1993); Kirchheimer Brothers Co. v. Jewelry Mine, Ltd., 100 Ill.App.3d 360, 55 Ill.Dec. 785, 426 N.E.2d 1110 (1981).
 
 
 5
 Under 735 ILCS 5/2-1402(m), the proper service of a citation to discover assets creates a lien on "all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation." The lien is considered perfected as of the date of service of the citation. Appeal of Swartz, 18 F.3d 413, 416 (7th Cir.1994); Bloink v. Olson, 265 Ill.App.3d 711, 202 Ill.Dec. 760, 764, 638 N.E.2d 406, 410 (1994). Thus, as of the date the citation was served on the citation respondents Cacok possessed a perfected lien in any funds which may become due to Covington from the third parties so served. Pursuant to Illinois Supreme Court Rule 277(f), however, the lien is valid only for six months after the citation respondents' first personal appearance pursuant to the citation or as extended by judicial order.
 
 
 6
 The record indicates that Cacok's goal in moving the district court for relief was to preserve the priority of her lien relative to other claims on the potential judgment proceeds, or, at the least, to ensure her ability to collect before Covington received any monies. Confusion arose, however, because she termed her request as one for a turnover order. Illinois has disapproved mandatory turnover orders entered against third party citation respondents in these circumstances. In Hotpoint v. Granite City Furniture, Inc., 76 Ill.App.3d 1037, 32 Ill.Dec. 409, 410-11, 395 N.E.2d 639, 640-41 (1979), the court held that an order compelling the defendants in a separate action to deliver to the judgment creditor monies in satisfaction of any judgment in favor of judgment debtors was equivalent to a permanent mandatory injunction. Therefore, it exceeded the scope of the supplementary proceedings authorized by the Illinois legislature, which intended to authorize only temporary restraining orders or preliminary injunctions to maintain the status quo. See also Kirchheimer Brothers Co., 55 Ill.Dec. at 789, 426 N.E.2d at 1114 ("The order does not direct respondent to pay the proceeds to anyone, nor does it adjudicate the rights of any claimants to the proceeds."). At this stage in the proceedings it was beyond the district court's power to enter an order requiring payment.
 
 
 7
 Contrary to the district court's conclusion that Cacok had to pursue relief in the Circuit Court of Cook County, however, we note that Illinois empowers courts to provide relief under these circumstances. Although turnover orders are disapproved, Illinois allows the entry of restraining orders against third-party defendants/citation respondents. In Kirchheimer Brothers Co. v. Jewelry Mine Ltd., 100 Ill.App.3d 360, 55 Ill.Dec. 785, 788-89, 426 N.E.2d 1110, 1113-14 (1981), the court approved an order that simply prohibited the citation respondents from making any transfer of funds until the court had determined the rights of the judgment creditor:
 
 
 8
 The order does not, as respondent argues, grant to petitioner rights to the proceeds of the insurance policy during a dispute over the policy coverage and thereby allow the judgment creditor to assert rights greater than the judgment debtor. Instead, it merely prevents respondent from transferring funds which may become due to the judgment debtor, in order to insure that the latter does not abscond with money that is due and owing to the judgment creditor.
 
 
 9
 Id. at 788-89, 426 N.E.2d at 1113-14. Thus, it would be appropriate for the trial court to enter an order prohibiting the third party citation respondents from paying Covington until all claims are judicially adjudicated.
 
 
 10
 Further, Illinois Supreme Court Rule 277(f) allows the court to grant extensions beyond the six-month lien period in the interests of justice. In Kirchheimer Brothers, 55 Ill.Dec. at 789-90, 426 N.E.2d at 1114-15, the court specifically found that the trial court was authorized by Illinois Supreme Court Rule 277(f) to grant an extension of the lien period "until the case of Jewelry Mines, Ltd. v. Commercial Union Assurance Company, 79 L 15406 currently pending in the circuit court of Cook County is resolved by judgment, settlement or otherwise." This resolution "does not permit harassment of respondent, but safeguards the petitioner's right to collect his liquidated judgment from defendants." Id. at 790, 426 N.E.2d at 1115. See also Podvinec, 212 Ill.Dec. at 954, 658 N.E.2d at 436 (once trial court had spread lien of record, respondents bound by lien and paid settlement proceeds to judgment debtor at their peril). The grant of such an extension would preserve Cacok's lien position, while alleviating concerns about premature adjudication of rights.
 
 III.
 
 11
 Cacok was not entitled to a turnover order against the third-party citation respondents. Because the district court appeared to believe that it could not offer Cacok any relief, however, we vacate its decision to terminate the supplementary proceedings relative to this action and remand for it to consider entering a restraining order against the citation respondents and extending the period of Cacok's lien. Further, we urge that this matter be considered expeditiously, because if no action is taken before Cacok's lien lapses she will lose the priority to which the citation entitled her. King v. Ionization Int'l Inc., 825 F.2d 1180, 1188 (7th Cir.1987); Bloink, 202 Ill.Dec. at 766, 638 N.E.2d at 412.
 
 
 12
 VACATED and REMANDED for further proceedings not inconsistent with this opinion.
 
 
 
 *
 This opinion was originally released in typescript form