# Illinois Official Reports

## Appellate Court

***Community Bank of Elmhurst v. Klein*, 2014 IL App (2d) 121074**

| | |
|---|---|
| Appellate Court Caption | COMMUNITY BANK OF ELMHURST, Plaintiff-Appellee, v. GEORGE P. KLEIN, JR., Defendant-Appellant (West Suburban Bank, as Trustee Under Trust Agreement Dated January 20, 1983, a/k/a Trust No. 2905; The Butterfield Exchange Office Condo Association; and Unknown Owners and Nonrecord Claimants, Defendants). |
| District & No. | Second District<br>Docket No. 2-12-1074 |
| Filed | March 11, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A trial court's order imposing a lien against distributions defendant received from a trust created by defendant's deceased mother did not violate section 2-1403 of the Code of Civil Procedure and was otherwise proper, since a creditor may not impose a lien on funds "in the hands of the trustee," but once those funds are distributed from the trust, a creditor may impose a lien against them. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 10-CH-3978; the Hon. Bonnie M. Wheaton, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on          Michael A. Braun, of Michael A. Braun & Associates, of Chicago, for
Appeal              appellant.

                    Robert G. Black, of Law Offices of Robert G. Black, of Naperville, for
                    appellee.

Panel               JUSTICE SCHOSTOK delivered the judgment of the court, with
                    opinion.
                    Presiding Justice Burke and Justice Spence concurred in the judgment
                    and opinion.

**OPINION**

¶ 1     The defendant, George Klein, Jr., appeals from the July 9, 2012, order of the circuit court of Du Page County imposing a lien against distributions that he received from a trust. The lien was imposed in favor of the plaintiff, the Community Bank of Elmhurst (the Bank). On appeal, the defendant argues that the lien was improper because it violates section 2-1403 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1403 (West 2012)). The defendant also appeals from the trial court's order denying his motion to reconsider. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3     On November 4, 2005, the Bank filed an action to foreclose a note and mortgage on commercial property. The complaint named the defendant as personally liable for any deficiency under the note and mortgage. On January 4, 2011, the Bank obtained a judgment of foreclosure against the defendant. The property was subsequently sold at a sheriff's sale. On October 4, 2011, the trial court entered an order confirming the sheriff's sale. The trial court's order included a deficiency judgment against the defendant for $72,980.67.

¶ 4     Following judgment, the Bank issued a citation to discover the defendant's assets. The Bank subsequently learned that the defendant was involved in ongoing litigation in Cook County (the Cook County matter) regarding the Ruth Klein Living Trust (the Trust). Ruth Klein was the defendant's deceased mother. In the Cook County matter, on August 20, 2010, the defendant, as a beneficiary under the Trust, had petitioned for an interim distribution of $106,170 from liquid Trust assets. The defendant had previously received $30,000 from the Trust. On November 30, 2010, $200,000 was distributed from the Trust assets to Trust beneficiaries according to the terms of the Trust.

¶ 5     On March 7, 2012, the Bank moved for a judicial lien upon any "judgment, settlement, proceeds or distribution to be paid" the defendant in the Cook County matter or under the terms of the Trust. The Bank asserted that the court had authority to impose a judicial lien under *Podvinec v. Popov*, 168 Ill. 2d 130 (1995), and that any distributions from the Trust to the

- 2 -

defendant were nonexempt assets. In response, the defendant argued that Trust distributions were exempt from creditors pursuant to section 2-1403 of the Code.

¶ 6    On July 9, 2012, following a hearing, the trial court granted the Bank's motion for a judicial lien "as to any principal distributions from the Ruth Klein Living Trust." The trial court further ordered that any interest or dividends from the Trust would remain exempt. Following the denial of his motion to reconsider, the defendant filed a timely notice of appeal.

¶ 7                                    II. ANALYSIS

¶ 8    On appeal, the defendant argues that the trial court erred in imposing a judicial lien against principal distributions from the Trust. The defendant insists that, under section 2-1403 of the Code, such a lien was prohibited.

¶ 9    Section 2-1403 of the Code provides in pertinent part:

> "Judgment debtor as beneficiary of trust. No court, except as otherwise provided in this Section, shall order the satisfaction of a judgment out of any property held in trust for the judgment debtor if such trust has, in good faith, been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor.
>
> The income or principal of a trust shall be subject to withholding for the purpose of securing collection of unpaid child support obligations owed by the beneficiary as provided in Section 4.1 of the 'Non-Support of Spouse and Children Act', Section 22 of the Non-Support Punishment Act, and similar Section of other Acts[.]" 735 ILCS 5/2-1403 (West 2012).

¶ 10   In construing the above statute, our task is to "ascertain and give effect to the legislature's intent." *Lieb v. Judges' Retirement System*, 314 Ill. App. 3d 87, 92 (2000). The best indicator of the legislature's intent is the plain language of the statute. *Lee v. John Deere Insurance Co.*, 208 Ill. 2d 38, 43 (2003). "When the statute's language is clear, it will be given effect without resort to other aids of statutory construction." *Id.* Moreover, we must construe the statute to avoid rendering any part of it meaningless or superfluous. *Blum v. Kester*, 235 Ill. 2d 21, 29 (2009). The standard of review for an issue of statutory construction is *de novo*. *Illinois Tool Works, Inc. v. Independent Machine Corp.*, 345 Ill. App. 3d 645, 648 (2003).

¶ 11   Based on the plain language of section 2-1403, no property that is held "in trust" may be used for the satisfaction of a judgment. However, there is no such prohibition regarding property that is no longer held in trust. Thus, property that is no longer held in trust (such as principal distributions) may be used for the satisfaction of a judgment. Accordingly, the trial court's determination that a lien could be imposed in the Bank's favor against funds that had left the Trust was proper.

¶ 12   We note that our determination is consistent with *In re Marriage of Sharp*, 369 Ill. App. 3d 271 (2006). In *Sharp*, at issue was whether trust distributions received by the respondent could be considered income in determining whether the respondent's failure to pay support was willful. The respondent argued that income derived from a spendthrift trust was not subject to support obligations. In rejecting this argument, the *Sharp* court explained:

> "Spendthrift trust provisions restrict the beneficiary's ability *** to attach the trust corpus. *In re Rolfe*, 34 B.R. 159, 161 (Bankr. N.D. Ill. 1983). However, once trust income is paid to the beneficiary, the income is no longer subject to the protection of

the spendthrift provisions in the trust, and the spendthrift provisions are not effective to shelter the trust assets from the beneficiary's creditors. *In re Hawley*, No. 02-83674, slip op. at 5 (Bankr. C.D. Ill. February 20, 2004); *Rolfe*, 34 B.R. at 161 (once funds are transferred by the trustee to the beneficiary under the terms of the trust, they become the legal property of the beneficiary and are transferable by him and leviable by his creditors). For where a trust beneficiary receives a distribution, this unfettered right of control negates any future effect of the spendthrift clause. *Hawley*, slip op. at 5. Since the rationale that prevents creditors from reaching the trust assets is that the beneficiary cannot reach them, it would 'strain both logic and the law' to continue to enforce a spendthrift clause after the beneficiary had access to the trust assets. *In re McCoy*, 274 B.R. 751, 766 (Bankr. N.D. Ill. 2002). Thus, the trust income, once distributed to respondent under the terms of the trust, could be used for any purpose, including the payment of his child support and maintenance obligations. *Rolfe*, 34 B.R. at 161; see also *White v. Williams*, 172 Ill. App. 630, 636-37 (1912)." *Sharp*, 369 Ill. App. 3d at 281.

¶ 13        Here, as set forth above, based on the plain language of the statute, only funds held in the trust are protected from judgment creditors. Further, section 2-1403 is consistent with how spendthrift trusts work (as explained in *Sharp*). Spendthrift trusts are intended only to safeguard funds that are in the trust. Once those funds are distributed, the beneficiary (or his creditors) has access to them.

¶ 14        We note that the defendant contends that *Sharp* is inapposite because that case involved child support, which falls under an exception to section 2-1403. We reject the defendant's argument. First, the *Sharp* court explicitly stated that section 2-1403 was irrelevant to that case because the wife was not seeking an order of withholding against the trust for future child support payments. Second, and most relevant to this appeal, the *Sharp* court explained that, once distributions are made from a spendthrift trust, they are not subject to protection, whether they are used for child support or anything else. *Id.*

¶ 15        We also find unpersuasive the defendant's reliance on *Knight v. Gregory*, 322 Ill. App. 194 (1944), *In re Marriage of Eberhardt*, 387 Ill. App. 3d 226 (2008), and *Auto Owners Insurance v. Berkshire*, 225 Ill. App. 3d 695 (1992). In *Knight*, Charles Gregory assigned his interest in a spendthrift trust to O.H. Castle. Gregory owed money to Hardware State Bank (HSB). HSB obtained a judgment against Gregory and sought to impose a lien against Gregory's interest in the spendthrift trust. In doing so, HSB argued that Gregory's assignment of his interest to Castle was fraudulent. The trial court imposed the lien, holding that the assignment was not effectual to cut off the rights of the creditors to "the funds in the hands of the trustee." *Knight v. Gregory*, 389 Ill. 554, 557 (1945).[1]  The appellate court reversed, holding that section 49 of the Chancery Act (Ill. Rev. Stat. 1943, ch. 22, ¶ 49), the predecessor of section 2-1403 of the Code,

_____

[1]In addition to considering distributions from the trust to Castle, the appellate court in *Knight* also addressed trust distributions that affected Arthur Rogers and Sybil Rogers. The Illinois Supreme Court subsequently considered the appellate court's decision as to the Rogerses but not as to Castle. In doing so, the Illinois Supreme Court provided a succinct analysis of the appellate court's holding as to Castle. We have therefore incorporated into our decision the supreme court's interpretation of the appellate court's decision in *Knight*.

protected the funds of Gregory that were in the hands of the trustee. In so ruling, the appellate court explained:

> "It would place an intolerable burden upon a trustee to compel him to decide the rights of creditors with conflicting claims before he could make distribution. Indeed, it would be productive of much litigation. While it may be a hardship to force creditors to pursue trust assets after distribution, especially where the beneficiary has the right to assign them during the lifetime of the trust, nevertheless, a creditor is presumed to know that the trust device affords its assets insulation from involuntary seizure and he must be held to have understood the risk involved when credit was extended." *Knight*, 322 Ill. App. at 200.

¶ 16 The defendant argues that *Knight* stands for the proposition that a creditor has no right to a trust distribution before it is received by a beneficiary. We disagree. *Knight* stands for the proposition that a creditor may not impose a lien on funds that are "in the hands of the trustee." That is just a more antiquated way of saying that a creditor may not impose a lien against funds that are in the trust. Once those funds are distributed from the trust, however, a creditor may impose a lien against them. Nothing in section 2-1403 or in *Knight* requires the creditor to wait until the beneficiary receives the funds before seeking the imposition of a lien against those funds.

¶ 17 The other cases cited by the defendant involve different provisions of the Code. *Eberhardt* addressed section 12-704 of the Code, which provides that distributions from pension and retirement funds are "exempt and are not subject to garnishment." 735 ILCS 5/12-704 (West 2012). Accordingly, pension benefits that are deposited in other accounts will remain "exempt from garnishment only if they remain traceable as retirement benefits." *Eberhardt*, 387 Ill. App. 3d at 238. *Berkshire* addressed section 12-1006 of the Code, which provides that a debtor's interest and assets held in a pension plan are exempt from judgment. 735 ILCS 5/12-1006(a) (West 2012). The *Berkshire* court determined that such assets may remain exempt from creditors even after distribution "[s]o long as the debtor continues to hold and to use the funds for the support of the debtor and his family." *Berkshire*, 225 Ill. App. 3d at 698-99. As section 2-1403, unlike sections 12-704 and 12-1006, does not provide that certain funds may remain exempt from creditors even after they are distributed, neither *Eberhardt* nor *Berkshire* is applicable to the case at bar.

¶ 18 The defendant's second contention on appeal is that the trial court erred in denying his motion to reconsider its initial order. However, as we have already determined that the trial court's initial order was proper, we necessarily conclude that the trial court's denial of the defendant's motion to reconsider was proper.

¶ 19                                   III. CONCLUSION

¶ 20 For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 21 Affirmed.