KIRCHHEIMER BROTHERS CO., Plaintiff and Petitioner-Appellee, *v.* JEWELRY MINE, LTD., *et al.*, Defendants.—(THE COMMERCIAL UNION ASSURANCE COMPANY, Respondent-Appellant.)

First District (5th Division)    No. 80-2823

Opinion filed September 18, 1981.

Roger A. Bixby and Mary F. Stafford, both of Epton, Ullin, Segal & Druth, Ltd., of Chicago, for appellant.

Michael D. Weis, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Kirchheimer Brothers Co. (petitioner) obtained a default judgment against Jewelry Mine, Ltd., and Ian J. Scott (defendants) in the amount of $1,600 plus costs. Failing to receive satisfaction of the judgment, petitioner instituted supplementary proceedings authorized by section 73 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 73 (the Act).) On June 25, 1980, The Commercial Union Assurance Company (respondent) was served with a citation to discover assets. In this citation, petitioner sought to discover a claim made by defendants against respondent. The claim arose from a dispute over insurance coverage contained in a policy provided to defendants by respondent, and was then pending in the circuit court of Cook County and captioned as Jewelry Mine, Ltd. v. Commercial Union Assurance Company, No. 79 L 15406.

Respondent, disputing any liability under the insurance policies issued to defendants, moved to quash the citation on the grounds that the claim sought to be discovered was not an asset subject to the citation proceedings.

The circuit court, on October 3, 1980, entered an order denying respondent's motion to quash. The order stated:

"1. That Commercial Union Assurance Company is hereby restrained from paying over to the Jewelry Mines, Ltd. any portion of an amount not to exceed the amount of judgment entered against Jewelry Mines, Ltd. by the judgment creditor here, plus interest, and court costs.

2. The court maintains jurisdiction over the subject matter and parties and that the Commercial Union Assurance Company is restrained as aforesaid until the case of *Jewelry Mines, Ltd. v. Commercial Union Assurance Company*, 79 L 15406 currently pending in the circuit court of Cook County is resolved by judgment, settlement or otherwise.

✿ ✿ ✿"

Respondent appeals, contending that: (1) the trial court's order erroneously created a lien against the prior pending lawsuit between defendant and respondent; and (2) the trial court abused its discretion in granting injunctive relief which exceeds the authority of section 73 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 73).

Respondent first asserts that the trial court's order creates a lien against the prior pending lawsuit which reaches property that is not contemplated under section 73 of the Act. In support of this assertion, respondent cites section 73(2)(a) of the Act, which states:

"(2) When assets or income of the judgment debtor not exempt from execution, a deduction order or garnishment are discovered, the court may, by appropriate order or judgment:

(a) Compel the judgment debtor to deliver up, to be applied in satisfaction of the judgment, in whole or in part, money, choses in action, property or effects in his possession or control, so discovered, *capable of delivery and to which his title or right of possession is not substantially disputed*." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 110, par. 73(2)(a).)

Since the insurance claim made by defendant, the judgment debtor, is "substantially disputed" by respondent, it is argued that the claim falls outside the purview of subsection (2)(a) of section 73.

Petitioner asserts, however, that the trial court's order was entered pursuant to subsection 4(a) of section 73, which states:

"The citation may prohibit the party to whom it is directed from making or suffering any transfer or other disposition of, or interfering with, any property not exempt from execution, a deduction order or garnishment, belonging to the judgment debtor or to which he may be entitled or which may thereafter be acquired by

or become due to him, and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until the further order of the court or the termination of the proceeding, whichever occurs first." (Ill. Rev. Stat. 1979, ch. 110, par. 73(4)(a).)

Subsection (4)(a) provides a means of forestalling the judgment debtor or a third party from frustrating the supplementary proceedings before the judgment creditor has had an opportunity to reach assets, indebtedness or income in the possession of debtor or of a third party (Ill. Ann. Stat., ch. 110, par. 73, Committee Comments, at 399 (Smith-Hurd 1968)). A restraining provision under this section does not adjudicate any rights in the property held by the party to whom it is addressed; it merely requires that the party hold property which is subject to the reach of the judgment creditor in status quo until the judgment creditor's rights can be determined. Ill. Ann. Stat., ch. 110, par. 73, Historical and Practice Notes, at 401 (Smith-Hurd 1968).

■■ We believe that the trial court's order in the present case is clearly within the purview of subsection 4(a) of section 73 of the Act. The order temporarily restrains respondent from paying over to defendants an amount of money that may be due to the latter from the pending lawsuit that is sufficient to satisfy defendants' debt to petitioner. Therefore, it properly "prohibit[s] the party to whom it is directed from * * * paying over or otherwise disposing of any moneys * * * which are due or to become due to the judgment debtor," in compliance with section 73(4)(a). The order does not, as respondent argues, grant to petitioner rights to the proceeds of the insurance policy during a dispute over the policy coverage and thereby allow the judgment creditor to assert rights greater than the judgment debtor. Instead, it merely prevents respondent from transferring funds which may become due to the judgment debtor, in order to insure that the latter does not abscond with money that is due and owing to the judgment creditor.

Respondent's argument that the trial court's order exposes respondent to the threat of contempt proceedings if conflicting claims are made against the insurance proceeds is without merit. The order does not direct respondent to pay the proceeds to anyone, nor does it adjudicate the rights of any claimants to the proceeds. It merely restrains respondent from paying the amount of the outstanding debt to defendants. Moreover, if defendants' claim is determined to fall outside the limits of the policy coverage with respondent, then no money will be due to the judgment debtor, and respondent would never face the possibility of conflicting creditors' claims.

■■ Equally unconvincing is respondent's assertion that the trial court's order interferes with the jurisdiction of the court in the prior pending

lawsuit between defendant and respondent. We are aware of the well-established rule forbidding a court to interfere with the previous jurisdiction of another court where the parties and the relief sought are the same. (*Nolan v. Barnes* (1915), 268 Ill. 515, 109 N.E. 316; *Haas v. Righeimer* (1906), 220 Ill. 193, 77 N.E. 69.) Basically, this rule was created in order to prevent duplicative and vexatious litigation between the same parties over the same cause. (See *Tambone v. Simpson* (1980), 91 Ill. App. 3d 865, 414 N.E.2d 533.) Suffice it to say that the trial court's order in the present case causes no duplication of efforts already made between defendant and respondent in the pending lawsuit. The trial court only maintained jurisdiction over the parties in the supplementary proceedings to enforce its restraining order and to protect the interests of the judgment creditor in the event that money is found to be due to the judgment debtor. This order does not interfere in any fashion with the originally filed proceeding, which is concerned with the separate determination of whether defendant's insurance claim is covered by policies it has with respondent. In fact, the terms of the order actually come into play *after* the resolution of the insurance dispute, provided that it is resolved in defendants' favor. Therefore, the order does not "interfere" with the jurisdiction of the pending case.

Respondent next contends that the trial court's order exceeds the authority of section 73 of the Act. First, respondent argues, the order impermissibly attempts to extend the temporary injunctive relief beyond the automatic six-month termination of the supplementary proceeding. Supreme Court Rule 277(f) provides as follows:

> "A proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but terminates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner. *The court may, however, grant extensions beyond the 6 months, as justice may require.*" (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 110A, par. 277(f).)

Even a cursory reading of Supreme Court Rule 277(f) reveals that the supplementary proceeding does not, in every case, automatically terminate after the six months time limit has elapsed. The trial court is authorized to grant an extension beyond that period "as justice may require." In the instant case, the proceedings were extended, "until the case of *Jewelry Mines, Ltd. v. Commercial Union Assurance Company*, 79 L 15406 currently pending in the circuit court of Cook County is resolved by judgment, settlement or otherwise." Therefore, we find that this extension was authorized by the plain terms of Supreme Court Rule

277(f). Moreover, the primary purpose of Rule 277(f) is to prevent the harassment of the judgment debtor or any third party subject to the citation proceeding. (*National Bank v. Newberg* (1972), 7 Ill. App. 3d 859.) In our view, the order extending the proceeding until the resolution of the other case does not permit harassment of respondent, but safeguards the petitioner's right to collect his liquidated judgment from defendants.

Respondent next contends that the trial court's order directs the turnover of proceeds and is, thus, the equivalent of a mandatory injunction which "does not maintain the status quo and is not within the contemplation of section 73."

However, the Historical and Practice Notes to section 73 of the Act state that a restraining provision is not to be viewed strictly as an injunction. The Comments provide:

> "It is simply notice to the person served with the citation that if he transfers property subject to the supplementary proceeding, thereby attempting to impede the administration of justice and place the property beyond the reach of the court, he will be punished either by having a judgment entered against him for the amount of the judgment creditor's claim or the value of the property, whichever is less, or may be punished as and for contempt." (Ill. Ann. Stat., ch. 110, par. 73, Historical and Practice Notes, at 402 (Smith-Hurd 1968).)

Furthermore, the order in this case does not, as respondent maintains, direct the turnover of proceeds, but merely restrains respondent from paying to defendants a debt that may become due to them.

We find the case of *Hotpoint v. Granite City Furniture, Inc.* (1979), 76 Ill. App. 3d 1037, 395 N.E.2d 639, cited by respondent in support of its theory that this order destroys the status quo between the parties, to be distinguishable and unpersuasive. There, Hotpoint initiated supplementary proceedings after failing to receive satisfaction of a judgment against Granite City. Granite City complied with a citation to discover assets and consented to an order which compelled Maryland Casualty, Granite City's insurer, to deliver to the sheriff potential funds due to Granite City derived from a pending dispute over proceeds from a fire insurance policy. The court held that this order violated the due process rights of Maryland Casualty since it was issued without obtaining personal jurisdiction over the party and gave it no notice or opportunity to be heard. The court further found that the order exceeded the scope of section 73 of the Act since it was not temporary in nature and was phrased in language of a permanent mandatory injunction.

In the present case, of course, it is undisputed that the court exercised valid jurisdiction over respondent and provided it notice and a full opportunity to be heard. Furthermore, unlike the order in *Hotpoint*, the one in

this case merely restrains respondent from paying the judgment debtor until the latter's rights to the claim are determined; it does not require the party to deliver up anything. Therefore, the order does not violate section 73.

Finally, respondent argues that the trial court abused its discretion in entering the restraining order since other, less restrictive avenues of relief were available to petitioner. As authority for this point, respondent cites section 73(2)(e) of the Act, which authorizes the assignment of a cause of action to the judgment creditor. Ill. Rev. Stat. 1979, ch. 110, par. 73(2)(e).

In our opinion, however, requiring defendants to assign their claim against respondent to petitioner would create undue interference with the pending suit and would prejudice the rights of defendants. The amount of petitioner's judgment is $1,600 plus costs and interest. Yet, defendant's complaint in the pending matter prays for a judgment of $125,000 in compensatory damages and $100,000 in punitive damages. If petitioner were assigned the rights of defendants in the dispute over the insurance proceeds, it would be encouraged to negotiate a hasty settlement for an extremely low figure in order to obtain the liquidated sum owed it by defendants. This result would obviously be contrary to defendants' interests. Therefore, we believe that an assignment under these circumstances would have been inappropriate and inconsistent with the purpose of section 73.

The order of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.