BANK OF ASPEN, Plaintiff-Appellee, v. FOX CARTAGE, INC., *et al.*, Defendants (Batavia Bank, Respondent-Appellant).

Second District   No. 85—0823

Opinion filed February 27, 1986.

David Drenk, Douglas Drenk, Mardyth E. Pollard, and Louis A. Varchetto, all of Guerard & Drenk, Ltd., of Wheaton, for appellant.

Lambert M. Ochsenschlager and Wayne F. Weiler, both of Reid, Ochsenschlager, Piccony & Weiler, of Aurora, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Petitioner, Bank of Aspen (Aspen), obtained a judgment in the State of Colorado against Fox Cartage, Inc., and David L. Thomas which was subsequently registered in Illinois in the circuit court of Kane County, and a new personal judgment was entered against Thomas for $147,628.25. Aspen then commenced supplementary proceedings to discover assets, and caused a citation to be issued by the circuit clerk of Kane County to the third-party respondent, Batavia Bank (Batavia), directing it to appear on October 9, 1985, and prohibiting Batavia from transferring or disposing of any property which it held belonging to Thomas. Batavia's emergency petition to quash the citation to discover assets was denied by the trial court, and Batavia brings this interlocutory appeal from that order pursuant to Supreme Court Rule 307 (87 Ill. 2d R. 307).

Batavia raises two issues on appeal: (1) whether the trial court erred when it refused to dissolve the *ex parte* citation injunction issued without notice, hearing, or bond, where Aspen had adequate remedies under the Illinois Commercial Code; and (2) whether section 2—1402 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1402) violates the due process clause of the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV) when used to enjoin a third-party citation respondent. In its brief and in a separate motion to dismiss this interlocutory appeal,

Aspen contends the order denying Batavia's emergency petition to quash the citation against it is not an interlocutory order appealable under Rule 307(a)(1) and the appeal should be dismissed.

In response, Batavia essentially argues that the citation prohibiting it from transferring or disposing of property belonging to Thomas was, in substance, an *ex parte* injunction. Batavia further contends that its emergency motion to quash, later orally amended to include a motion to dismiss, followed Rule 307(b), which requires a motion to vacate an *ex parte* interlocutory order. Batavia had loaned money to Roselaine Construction Company, Inc., and received notes on behalf of Roselaine signed and guaranteed by Thomas, its president, which were secured, in part, by a pledge of 1,430 shares of Batavia Concrete, Inc., stock which Batavia possessed. Roselaine Construction Company was in default, and Batavia had arranged a private sale of the shares of stock held as security. For the reasons set forth below, we conclude that this court does not have jurisdiction to entertain this appeal, and, consequently, we do not address the merits of the issues raised by Batavia.

Pursuant to section 2—1402 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1402), as implemented by Supreme Court Rule 277 (87 Ill. 2d R. 277), a judgment creditor may prosecute supplementary proceedings by service of a citation upon the judgment debtor or any other person to discover assets or income of the debtor and to compel application of nonexempt assets or income toward the payment of the amount due under the judgment. The citation is issued by the clerk of the circuit court upon oral request. (87 Ill. 2d R. 277(b).) The citation may prohibit the party to whom it is directed from making or allowing any transfer or disposition of nonexempt property belonging to the judgment debtor, or which he is entitled to, until further order of the court or the termination of the proceedings, whichever occurs first. Ill. Rev. Stat. 1983, ch. 110, par. 2—1402(d)(1).

■■ ■ Supplementary proceedings under section 2—1402 are designed to provide a statutory foundation for an efficient and expeditious procedure to compel discovery of assets of the debtor and their application to the payment of the judgment (*Vendo Co. v. Stoner* (1982), 108 Ill. App. 3d 51, 57, 438 N.E.2d 933), and the proceedings are to be construed liberally rather than strictly (*Kauk v. Matthews* (1981), 100 Ill. App. 3d 107, 111, 426 N.E.2d 552). A restraining provision under this section does not adjudicate any rights in the property held by the party to whom it is addressed; it merely requires that the party hold property which is subject to the reach of the judgment creditor in status quo until the judgment creditor's rights can be de-

termined. (*Kirchheimer Brothers Co. v. Jewelry Mine, Ltd.* (1981), 100 Ill. App. 3d 360, 362, 426 N.E.2d 1110; see Ill. Ann. Stat., ch. 110, par. 2—1402, Historical and Practice Notes, at 866 (Smith-Hurd 1983).) The Historical and Practice Notes to section 2—1402 state, in pertinent part, as follows:

> "Section 2—1402(d)(1) should be construed just as the New York statute. It applies only to property of the judgment debtor in the hands of the third party or property of the judgment debtor, if the citation is directed to him, which is subject to the supplementary proceeding. The restraining provision of the citation is not an injunction, as Judge Learned Hand recognized with respect to the New York provision. It is simply notice to the person served with the citation that if he transfers property subject to the supplementary proceeding, thereby attempting to impede the administration of justice, and places the property beyond the reach of the court, he will be punished either by having a judgment entered against him for the amount of the judgment creditor's claim or the value of the property, whichever is less, or may be punished as and for contempt. See *Kirchheimer Bros. Co. v. Jewelry Mine, Ltd.*, 100 Ill. App. 3d 360, 426 N.E.2d 1110, 55 Ill. Dec. 785 (1st Dist. 1981)." (Ill. Ann. Stat., ch. 110, par. 2—1402, Historical and Practice Notes, at 867 (Smith-Hurd 1983).)

Such commentary is helpful when ascertaining legislative intent. *Schutzenhofer v. Granite City Steel Co.* (1982), 93 Ill. 2d 208, 212, 443 N.E.2d 563.

The 1970 Illinois Constitution vests in the supreme court the authority to make rules governing appeals and specifies that the supreme court may provide by rule for appeals to the appellate court from other than final judgments of the circuit courts. (*People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 171, 429 N.E.2d 483.) Batavia does not contend that the order denying its motion to quash the citation is a final judgment appealable as of right pursuant to Supreme Court Rule 301 (87 Ill. 2d R. 301).

■ The appealability of the interlocutory order in this case is governed by Supreme Court Rule 307 (87 Ill. 2d R. 307). It provides, in pertinent part, for an appeal from an interlocutory order of court "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." (87 Ill. 2d R. 307(a)(1).) The rule further provides that if an interlocutory order is entered on *ex parte* application, "the party intending to take an appeal therefrom shall first present *** a motion to the trial court to vacate the order." (87 Ill. 2d R.

307(b).) The question presented is whether the *ex parte* citation issued by the clerk of the circuit court which prohibits Batavia from disposing of property of the judgment debtor in its possession is, as argued by Batavia, in substance an injunctive order which, following denial of Batavia's motion to quash, is an appealable interlocutory order.

We conclude that it is not. Considering the purpose of the supplementary proceedings under section 2—1402 to provide an efficient and expeditious procedure to discover assets of a judgment debtor and to apply them to payment of the judgment, the restraining provisions of that section do no more than preserve the status quo until the judgment creditor's rights can be determined and forestall a debtor or third party from frustrating the supplementary proceedings before the judgment creditor can reach those assets. (See *Kirchheimer Brothers Co. v. Jewelry Mine, Ltd.* (1981), 100 Ill. App. 3d 360, 362, 426 N.E.2d 1110.) Discovery orders generally are not make appealable under the supreme court rules. (*People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 171, 429 N.E.2d 483.) We do not equate the restraining provisions of section 2—1402 as establishing the equivalent of injunctive relief for which Rule 307(a)(1) allows an interlocutory appeal. (*Cf. Gorr v. Board of Fire & Police Commissioners* (1984), 129 Ill. App. 3d 327, 329-30, 472 N.E.2d 587.) Older decisions of the appellate court have dismissed appeals from similar interlocutory orders in supplementary proceedings. See, *e.g., Danville Teachers Federal Credit Union v. Burell* (1972), 6 Ill. App. 3d 94, 284 N.E.2d 729; *In re Estate of Atwood* (1966), 77 Ill. App. 2d 102, 222 N.E.2d 160.

Had our supreme court intended a citation issued by the clerk or a further court order utilizing the restraining provision of section 2—1402 to be an appealable interlocutory order, the court most certainly would have specifically so provided in Rule 307 when it adopted Rule 277 implementing procedures for conducting supplemental proceedings. While some types of interlocutory orders have been held to be the generic equivalent of injunctions (see *In re M.B.* (1985), 137 Ill. App. 3d 992, 997-98, 484 N.E.2d 1154), we conclude that the order here denying the motion to quash the citation against Batavia containing a restraining order is not encompassed within the Rule 307 provision allowing interlocutory appeal applicable to injunctive relief.

This appeal is dismissed.

Appeal dismissed.

UNVERZAGT and HOPF, JJ., concur.