No. 2--04--0972

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

WINDCREST DEVELOPMENT COMPANY, ) Appeal from the Circuit Court

INC., d/b/a Fort Sheridan Square, ) of Lake County.

)

Plaintiff-Appellee, )

)

v. ) No. 02--LM--1244

)

JIM GIAKOUMIS, DEAN ROZOS, TOMMY )

ODISHO, and NIKOLAS D. KATSOULOS, )

)

Defendants )

)

(The Office of the Treasurer, ) Honorable

County of Lake, State of Illinois, ) Michael J. Fritz,

Citation Respondent-Appellant). ) Judge, Presiding.

______________________________________________________________________________

JUSTICE GROMETER delivered the opinion of the court:

Citation respondent, the office of the treasurer, County of Lake, State of Illinois, appeals from a judgment that directed it to pay to plaintiff, Windcrest Development Company, Inc., $14,231.58 for violating plaintiff's citation to discover assets of a third party.  On appeal, citation respondent argues,  in part, that the trial court erred by concluding that plaintiff's citation was still in effect when the turnover order was entered.  We reverse.

In case number 02--LM--1244, on August 28, 2002, a judgment was entered against defendants, Jim Giakoumis, Dean Rozos, Tommy Odisho, and Nikolas D. Katsoulos, for $18,984 plus costs and interest.  The judgment was subsequently vacated against Giakoumis.

On June 3, 2003, plaintiff served on citation respondent a citation to discover assets of a third party.  According to the citation, citation respondent was to file an answer or appear at the return date of July 2, 2003.  The citation referred to the judgment against Rozos and Katsoulos and stated that $18,533.66 plus interest and costs remained unsatisfied.  Citation respondent was prohibited "from making or allowing any transfer or other disposition of, or interfering with, any property *** belonging to the judgment debtor[s] or to which the judgment debtor[s] may be entitled or which may be acquired by or become due the judgment debtor until further order of the court or termination of the proceedings."  Citation respondent was to hold and retain the judgment debtors' property up to double the amount of the balance due.

On June 19, 2003, citation respondent answered the citation, indicating that it possessed property belonging to defendants.  Specifically, it possessed $40,606.61 plus interest from case number 01--ED--27, an eminent domain proceeding in which the Village of Lincolnshire acquired the property where defendants' business, Dog 'N Spuds, Inc., was a tenant.

On July 2, 2003, the trial court continued the citation proceedings until September 30, 2003.  Again, on September 30, 2003, the court continued the citation proceedings until October 14, 2003.

Meanwhile, in case number 01--ED--27, on October 7, 2003, the trial court granted defendants' petition to withdraw their just compensation award.  According to the order, citation respondent was to pay $15,652.63, of which $13,000 was to be paid to the law firm of Wysocki and Smith and $2,652.63 was to be paid to defendants.

In case number 02--LM--1244, on October 14, 2003, plaintiff moved the court to order citation respondent to turn over defendants' property.  In the motion, plaintiff stated that a final settlement had been reached in case number 01--ED--27.  According to that settlement, defendants received $37,000 for the corporation's leasehold interest.  Additionally, plaintiff noted that, in 1999, Dog 'N Spuds, Inc., was involuntarily dissolved by the Secretary of State.  Plaintiff requested that citation respondent be ordered to turn over $21,347.37.

At the hearing on the turnover motion, Rozos and Katsoulos were given leave to file an appearance and permitted 14 days to respond to the turnover motion.  The hearing was continued until November 19, 2003.  Upon defendants' motion, they were granted additional time to respond to the turnover motion.  After two continuances, on December 16, 2003, pursuant to an agreed order, a briefing schedule was set and the motion hearing was scheduled for January 27, 2004.

According to defendants' response, they were shareholders of Dog 'N Spuds, Inc., and the money held by citation respondent belonged to the corporation, not defendants individually.  As the money held did not belong to defendants, the turnover order should be denied.

Meanwhile, in case number 03--L--948, on November 18, 2003, Plaza Bank, another judgment creditor of Rozos and Katsoulos, initiated nonwage garnishment proceedings against their property to satisfy Plaza Bank's judgment of $108,485.53.  Plaza Bank served interrogatories on citation respondent as a garnishee.  On December 9, 2003, citation respondent submitted its answer to the garnishee interrogatories.  In its answer, citation respondent acknowledged that it possessed $21,347.47, which was awaiting "an appropriate withdrawal order from Case No. 01 ED 27."  Thereafter, on December 19, 2003, Plaza Bank obtained a turnover order, which required citation respondent to turn over $21,347.37 of defendants' property to Plaza Bank.  On December 23, 2003, citation respondent paid Plaza Bank pursuant to that order.

In case number 02--LM--1244, on February 10, 2004, the court ordered that plaintiff was permitted additional time to file a response to defendants' filing.  The order also indicated that the citation "shall remain in full force and effect until further order of the court."

On March 9, 2004, the court issued the turnover order.  It ordered citation respondent to turn over to plaintiff $14,231.58 from the funds that citation respondent was holding.

On April 7, 2004, plaintiff petitioned for a rule to show cause or, alternatively, a judgment against citation respondent.  In the petition, plaintiff argued that citation respondent violated the provisions of the citation by releasing funds to Plaza Bank while it was holding those funds pursuant to the citation.  Plaintiff requested that the court enter a rule against citation respondent for it to show cause why it should not be held in contempt.  Alternatively, plaintiff requested a judgment against citation respondent for $18,533.66 plus costs and interest.

Citation respondent filed a response to the petition and moved the court to vacate the March 9, 2004, turnover order.  In its response, citation respondent stated that, on September 30, 2003, a judgment was entered in case number 01--ED--27 awarding defendants $37,000.  On October 7, 2003, citation respondent was ordered to pay defendants $15,652.63 from those monies.  Citation respondent held the remainder of $21,347.37.  On October 14, 2003, plaintiff moved for the turnover order.  Thereafter, citation respondent did not receive a turnover order or any notice that the citation was continued.  According to the mandate of Supreme Court Rule 277(f) (134 Ill. 2d R. 277(f)), the citation proceeding terminated on December 18, 2003, six months after citation respondent served its answer to the citation on June 19, 2003.  On December 19, 2003, citation respondent received Plaza Bank's turnover order for $21,347.37, and citation respondent transferred the funds to Plaza Bank pursuant to that order.  As a result, citation respondent contended that it properly paid the monies and, therefore, plaintiff's turnover order should be vacated.

Following a hearing, on June 9, 2004, the court entered a judgment of $14,231.58 against citation respondent and denied citation respondent's motion to vacate the turnover order.  Citation respondent moved the court to reconsider.

In its motion, citation respondent argued that the trial court erred by (1) concluding that plaintiff was entitled to notice of Plaza Bank's garnishment proceedings and (2) retroactively extending the citation when that action destroyed Plaza Bank's subsequent lien on defendants' property.  After a hearing, the trial court denied the motion.  Citation respondent appeals.

On appeal, citation respondent argues that the judgment against it must be reversed because the trial court erred by concluding that, when plaintiff's turnover order was entered, the citation was still in effect.  Citation respondent contends that, under Rule 277(f), the citation automatically expired six months after citation respondent filed its answer.  Plaintiff counters that the court extended the citation, as permitted by Rule 277(f).  Nevertheless, citation respondent notes, it was not served with any order extending the citation, so it properly proceeded under the default expiration date of Rule 277(f).  Whether the citation to discover assets had expired prior to the issuance of the turnover order and, if so, whether the trial court erred by entering the judgment because citation respondent violated the citation involves the proper interpretation of Rule 277(f), a question of law.  Therefore, our review is 
de novo
.  
Grossman v. Gebarowski
, 315 Ill. App. 3d 213, 221 (2000).

Initially, we note that citation 
respondent did not include in the record on appeal the report of the proceedings or a certified bystander's report from the motion hearings.  
Without a complete record, we may grant presumptive validity to the trial court's order.  See 
Foutch v. O'Bryant
, 99 Ill. 2d 389, 391-92 (1984).  However, because in this case our review is 
de novo
 and based solely upon the pleadings, we may address the merits without a complete report of the proceedings.  
Korogluyan v. Chicago Title & Trust Co.
, 213 Ill. App. 3d 622, 627-28 (1991).

A supplementary or citation proceeding is commenced when a citation issued by the clerk is served.  735 ILCS 5/2--1402(a) (West 2002).  Citation proceedings are designed to assist a judgment creditor in discovering the assets of a judgment debtor to satisfy an unpaid judgment.  
Mid-American Elevator Co. v. Norcon, Inc.
, 287 Ill. App. 3d 582, 587 (1996).  During such proceedings, the court is empowered to compel discovered assets or income to satisfy the judgment.  
City of Chicago v. Air Auto Leasing Co.
, 297 Ill. App. 3d 873, 878 (1998).  The procedure for conducting citation proceedings is prescribed by section 2--1402(a) of the Code of Civil Procedure (the Code) (735 ILCS 5/2--1402 (West 2002)) and Rule 277(f).

Rule 277(f) details when a citation proceeding ends.  That rule provides:

"
(f) When Proceeding Terminated.
  A proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but terminates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner.  The court may, however, grant extensions beyond the 6 months, as justice may require.  Orders for the payment of money continue in effect notwithstanding the termination of the proceedings until the judgment is satisfied or the court orders otherwise."  134 Ill. 2d R. 277(f).

Therefore, according to the rule, a citation proceeding terminates automatically six months from either the respondent's first appearance pursuant to the citation or the respondent's first appearance pursuant to subsequent service to enforce the citation, whichever is sooner, unless the court grants extensions.  134 Ill. 2d R. 277(f).  The automatic termination deadline seeks to "force judgment creditors to move promptly to collect their judgments, so that property does not remain encumbered by liens indefinitely" and to avoid undue harassment of a judgment debtor or a third party.  
King v. Ionization International, Inc.
, 825 F.2d 1180, 1188 (7th Cir. 1987); 
Celano v. Frederick
, 54 Ill. App. 2d 393, 403 (1964).  However, under Rule 277(f), the court may continue the proceedings beyond the six-month deadline, as justice may require.  
Kirchheimer Brothers Co. v. Jewelry Mine, Ltd.
, 100 Ill. App. 3d 360, 363 (1981).

The record reveals that citation respondent first appeared pursuant to the citation on June 19, 2003, when it filed its written answer.  The proceeding would automatically terminate on December 19, 2003,  if not extended.  On July 2 and September 30, 2003, the trial court continued the citation proceedings, but plaintiff did not send copies of those orders to citation respondent.  On October 14, 2003, plaintiff moved the court for a turnover order but did not send copies of the motion to respondent.  On December 19, 2003, Plaza Bank served citation respondent with a turnover order in case number 03--L--948.  Thereafter, in case number 02--LM--1244, on February 10, 2004, the court ordered that the citation to citation respondent "shall remain in full force and effect until further order of the court."  Again, no copy was sent to citation respondent.  On March 9, 2004, plaintiff obtained its turnover order.  This order was served on citation respondent and constituted the first notice to citation respondent that the proceedings had been extended by the court pursuant to its authority under Rule 277(f).

According to citation respondent, the citation automatically expired before plaintiff obtained its turnover order.  It argues that, although Rule 277(f) allowed the court to continue the citation proceedings beyond the six-month deadline, the court did not expressly order that the citation was to be continued until after the deadline had passed.  We agree to a point.  Although plaintiff counters that, in the July 2 and September 30 orders, the court implicitly continued the citation, the parties agree that copies of those orders were never sent to citation respondent.  Therefore, even
 though those orders effectively continued the proceedings, citation respondent was unaware of the orders' existence and thus cannot be liable for disregarding them.

We find the present facts distinguishable from those in 
100 West Monroe Partnership v. Carlson
, 319 Ill. App. 3d 761 (2001).  In that case, the appellate court held that the trial court's order assigning the judgment debtor's asset following a turnover order was valid, contrary to the judgment debtor's argument that the order was issued more than six months after the citation proceedings began and that no order extending the six-month deadline had been issued.  
Carlson
, 319 Ill. App. 3d at 765, 769-70.  The 
Carlson
 court determined that the turnover order was obtained within the six-month period and that, subsequently, the judgment debtor filed a variety of motions to delay the citation proceedings.  
Carlson
, 319 Ill. App. 3d at 769.  Therefore, because the judgment debtor's conduct caused the delay in the citation proceedings, the 
Carlson
 court held that he was estopped from pleading the six-month deadline.  
Carlson
, 319 Ill. App. 3d at 770.  The court explained that " 'since the deadline is intended not only to prevent property from being encumbered by judgment liens indefinitely, [citation] but also to protect the judgment debtor from being harassed by his creditors, [citations] a debtor who by his own actions delays the citation proceedings should be estopped to plead the deadline.' "  
Carlson
, 319 Ill. App. 3d at 769, quoting 
Resolution Trust Corp. v. Ruggerio
, 994 F.2d 1221, 1228 (7th Cir. 1993).

Here, citation respondent neither delayed nor knew of the delay of  
the citation proceedings.  Although defendants' conduct may have delayed the citation proceedings, that conduct cannot be used as a basis to extend the deadline against citation respondent.  Thus, the rationale in 
Carlson
 for relaxing the six-month deadline is inapplicable here.

Citing 
Davis Furniture Co. v. Young
, 102 Ill. App. 2d 415 (1968), plaintiff argues that citation respondent was required to monitor the citation proceedings independently and, thus, should have known that the citation proceedings had been continued.  The 
Davis
 court indicated that, in a replevin action upon a default judgment, where the defendant had notice of the replevin proceedings, the defendant was required to follow the case.  
Davis
, 102 Ill. App. 2d at 420.  Obviously, the 
Davis
 defendant was a party to the lawsuit, charged with the duties of appearing and defending the lawsuit.  In the present case, citation respondent did not have such duties.  
Moreover, there is no language in section 2--1402(a) of the Code or Rule 277(f) that requires a citation respondent to monitor the citation proceedings.

We conclude that, under the present circumstances, citation respondent properly relied on its belief that the citation proceedings automatically 
terminated  pursuant to Rule 277(f).  We are satisfied that citation respondent properly performed its duties, and it would be unjust for citation respondent to suffer a penalty for relying in good faith on the automatic termination of the citation when it had no knowledge that the citation proceedings 
had been continued.

Plaintiff additionally asserts that the judgment was proper because citation respondent, as the garnishee in case number 03--L--948, violated section 12--710 of the Code (735 ILCS 5/12--710 (West 2002)) by not informing plaintiff that a garnishment complaint had been filed against the property subject to plaintiff's citation.  
However, section 12--707 (735 ILCS 5/12--707 (West 2002)) of the Code details the duties of a garnishee and is controlling here.  Section 12--707 of the Code provides:

"(a) To the extent of the amount due upon the judgment and costs, the garnishee shall hold, subject to the order of the court any non-exempt indebtedness or other non-exempt property in his or her possession, custody or control belonging to the judgment debtor or in which the judgment debtor has any interest.  The judgment or balance due thereon becomes a lien on the indebtedness and other property held by the garnishee at the time of the service of garnishment summons and remains a lien thereon pending the garnishment proceeding.

(b) The garnishee shall file, on or before the return date, or within the further time that the court for cause may allow, a written answer under oath to the interrogatories, setting forth as of the date of service of the garnishment summons any indebtedness due or to become due to the judgment debtor and any other property in his, her or its possession, custody or control belonging to the judgment debtor or in which the judgment debtor has an interest.  The garnishee shall mail, by first class mail, a copy of the answer to the judgment creditor or its attorney and to the judgment debtor at the address specified in the affidavit filed under Section 12--701 of this Act, or at any other address or location of the judgment debtor known to the garnishee, and shall certify in the answer that it was so mailed to the judgment debtor." 735 ILCS 5/12--707 (West 2002).

According to the garnishee duties in section 12--707 of the Code, citation respondent was not required to notify plaintiff that a garnishment action had been commenced.  Therefore, we conclude that citation respondent complied with section 12--707 and that its actions as a garnishee are not a legitimate basis to support the judgment for turnover.

Lastly, plaintiff contends that citation respondent violated plaintiff's citation on October 7, 2003, when it released funds to defendants pursuant to an order in case number 01--ED--27.  Citation respondent counters that plaintiff is estopped by its silence from now asserting that the payment was made in error.  We agree.

Estoppel may result from silence as well as words.  
Geddes v. Mill Creek Country Club, Inc.
, 196 Ill. 2d 302, 314 (2001).  " 'It is the duty of a person having a right, and seeing another about to commit an act infringing upon it, to assert his right.  He [or she] cannot by his [or her] silence induce or encourage the commission of the act and then be heard to complain.' "  
Geddes
, 196 Ill. 2d at 314, quoting 
Bondy v. Samuels
, 333 Ill. 535, 546 (1929).  Here, the record evidences that, in its October 14, 2003, motion for a turnover order, plaintiff acknowledged that a $37,000 settlement had been reached in case number 01--ED--27.  Plaintiff requested $21,347.37, the exact amount that remained on deposit with citation respondent after the withdrawal authorized by the October 7, 2003, order.  Plaintiff did not move to vacate or in any other way object to the October 7, 2003, order.  Based on these facts, we conclude that plaintiff was aware of the withdrawal pursuant to the October 7, 2003, order.  As plaintiff failed to assert its complaint before the trial court, we determine that it is estopped from doing so now.

For the above reasons, we reverse the judgment of the circuit court of Du Page County.

Reversed.

O'MALLEY, P.J., and McLAREN, J., concur.