**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220140-U

Order filed February 15, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| L.A. SITES, INC., | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | |
| | ) | |
| LOCKPORT 199, LLC; TCB | ) | |
| DEVELOPMENT PROPERTIES VENTURE, | ) | |
| LLC; ALLEGIANCE COMMUNITY BANK; | ) | |
| UNKNOWN OWNERS; UNKNOWN | ) | |
| OTHERS, and NON-RECORD CLAIMANTS, | ) | |
| | ) | Appeal Nos. 3-22-0140 |
| Defendants. | ) | 3-22-0141 |
| ⸻⸻⸻⸻⸻⸻⸻ | ) | 3-22-0142 |
| | ) | |
| ARCHER BANK, | ) | Circuit Nos. 08-CH-5126 |
| | ) | 08-CH-5476 |
| Counterplaintiff-Appellant, | ) | 09-CH-1334 |
| | ) | |
| v. | ) | |
| | ) | |
| MARK C. VANDENBERG, | ) | |
| | ) | |
| Counterdefendant, | ) | |
| | ) | |
| MCV VENTURES, LLC, RHONDA | ) | |
| VANDENBERG, TCB DEVELOPMENT | ) | |
| PROPERTIES, LLC, | ) | Honorable |
| | ) | Domenica A. Osterberger, |
| Third-Party Respondents-Appellees. | ) | Judge, Presiding. |

**ORDER**

¶ 1   *Held*:   The circuit court erred when it terminated citation proceedings.

¶ 2   In January 2021, Archer Bank (the Bank) issued citations to discover assets on MCV Ventures, LLC, Rhonda Vandenberg, and TCB Development Properties, LLC (third-party respondents). In September 2021, the third-party respondents filed motions to terminate the citations on the basis that the citations automatically expired after six months (citing Ill. S. Ct. R. 277(f) (eff. Jan. 4, 2013)). The circuit court agreed and granted the motions to terminate. The Bank filed a motion to reconsider, which the court denied. The Bank appeals.

¶ 3                                    I. BACKGROUND

¶ 4   On August 31, 2012, the Bank obtained a judgment against Mark C. Vandenberg for $6,424,678.20. On October 18, 2019, the court entered an order for revival of judgment.

¶ 5   On January 20, 2021, the Bank issued citations to discover assets on the third-party respondents with a return date of February 19, 2021 (735 ILCS 5/2-1402 (West 2020)). On that date, counsel for the third-party respondents appeared and requested an extension of time to respond to the citations. The court entered an order providing that the third-party respondents had until March 12, 2021, to respond. On March 12, 2021, each third-party respondent filed its answer to interrogatories and response to rider to the third-party citations to discover assets.

¶ 6   The next hearing was set for April 8, 2021, where the Bank asked the court to continue to a future date, approximately 60 days out, because it had "a lot to go through in this case." The third-party respondents did not object. The court set a status hearing for June 8, 2021. The court's

written order provided that the citations were "entered and continued" to June 8, 2021.

¶ 7    On June 8, 2021, the court stated that the Bank asked for more time to process the pleadings, assumed that was the same situation for the third-party respondents, and wanted to pick another date. The third-party respondents stated they also assumed another date would be picked. The court proposed the end of July, and the parties agreed to July 27, 2021. The court's written order provided that the citations were "entered and continued" to July 27, 2021, for status.

¶ 8    On July 23, 2021, the third-party respondents provided the Bank with supplemental responses to the citations.

¶ 9     On July 27, 2021, the court asked the parties for another date. The Bank proposed September 29, 2021, so that it could have a citation examination of the debtor. There were no objections. The court's order provided that the citations were "entered and continued" to September 29, 2021, for status.

¶ 10    On September 14 and 21, 2021, the third-party respondents filed motions to terminate the citations and confirm termination of citations, arguing that the citations expired after six months.

¶ 11    On September 29, 2021, the Bank asked for additional compliance as there were some deficiencies. The Bank stated it was still in the process of reviewing the responses to determine full compliance. The Bank asked that the matter be continued to the same date that the motions to terminate would be heard. The Bank proposed "November 10th for hearing and then continue the citations." The court agreed and its written order provided that the citations were "entered and continued" to November 10, 2021, "without prejudice to the arguments asserted in the motions to terminate and/or confirm termination of certain third-party citations."

¶ 12    On October 20, 2021, the Bank filed motions to compel full compliance with the citations, arguing that the third-party respondents' responses were evasive and inadequate to discover

3

whether there were assets available to satisfy the judgment. The Bank also responded to the motions to terminate, arguing, *inter alia*, the citations were continued by agreement.

¶ 13 On November 10, 2021, the third-party respondents argued that their motions to terminate citations should be granted. In sum, they argued that they did their best to comply with the citations, answered interrogatories, provided that they were not holding any assets, and produced all responsive documents in their possession. Counsel for the third-party respondents stated that he contacted the Bank's counsel, invited him to schedule citation examinations, and, except for one instance, received no response. The third-party respondents argued that an extension of the six-month period requires a motion explaining good cause to extend the proceedings, which the Bank had failed to do. They further argued that "[w]e never objected during the six months because the statute gives them six months to conclude their citation exams, and there is no point to try and to expedite to a shorter period than that." The Bank disagreed, explaining that the court granted numerous agreed continuances that extended the six-month period. The Bank explained that the continuances were necessary because the debtor was not being forthcoming about the number of companies he was involved with (it estimated to be over 100), which further complicated its investigation. The court took the matter under advisement. The court's written order provided that the citations were "entered and continued" to December 16, 2021, "without prejudice to the arguments asserted [in third-party respondents' motions.]"

¶ 14 On December 16, 2021, the court held a hearing and found, *inter alia*, general agreed continuances within the six-month period do not result in an extension or tolling as it would render the automatic termination provision meaningless and place the burden on the respondent to object rather than on the petitioner to ensure the matter is timely handled. The court's order provided:

4

"[The Bank's] motions to compel citing deficient responses were filed only after the third parties filed their motion to terminate. This Court concludes that the motions to compel as to these parties are untimely, tactical, and specious. The Court is not convinced that justice requires an extension of these citations.

The Court therefore declines to retroactively extend the six-month termination period as to these parties. The Court finds that each citation has automatically terminated pursuant to Rule 277(f) and discharges same."

¶ 15　　Therefore, the court granted the motions to terminate the citations and dismissed the citations. On January 14, 2022, the Bank filed a motion to reconsider, which the court denied.

¶ 16　　This appeal followed.

¶ 17　　　　　　　　　　　　　　II. ANALYSIS

¶ 18　　On appeal, the Bank argues that the court erred as a matter of law because the court's own written orders extended the six-month period of automatic expiration. Alternatively, the Bank argues that (1) the third-party respondents did not "appear" when they claim they appeared to calculate when the six-month period started and (2) good cause existed to extend the citations as it was "attempting to untangle the Debtor's extremely complicated web of more than seventy-five business entities."[1] The Bank asks this court to reverse the circuit court's judgment and hold that the extensions granted throughout the proceedings were sufficient to extend the six-month period.

---

[1]The third-party respondents have filed a "Motion to Strike Unsupported Facts" from the Bank's appellant brief. They point to five statements in the Bank's brief that are not supported by record citations in violation of Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020). For example, the Bank fails to cite to the record for its statement that it was actively uncovering more of the debtor's businesses every day. We ordered the motion to be taken with the case. "[S]triking an appellate brief, in whole or in part, is a harsh sanction and is appropriate only when the violations of procedural rules hinder our review." *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 15. Here, we find that this violation does not hinder our review, however, we admonish counsel that Rule 341(h)(6) requires that the Statement of Facts be accompanied by appropriate references to the pages in the record. Therefore, we deny the motion.

The third-party respondents argue that the court did not extend the six-month period and any such extension would be inappropriate based on the facts of this case. Specifically, the third-party respondents state that they were cooperative and did not cause delays.

¶ 19 The first issue requires the interpretation of Illinois Supreme Court Rule 277(f) (eff. Jan. 4, 2013). The interpretation of a supreme court rule follows the same guidelines as statutory interpretation. *Longstreet v. Cottrell, Inc.*, 374 Ill. App. 3d 549, 552 (2007). Our goal is to interpret the rule by ascertaining and giving effect to the supreme court's intentions. *Id.* Therefore, the words used by the supreme court should be given their plain, ordinary, and popularly understood meanings. *Id.* Our review and interpretation of such rule is *de novo*. *Id.* at 551-52.

¶ 20 Illinois Supreme Court Rule 277(f) provides, in relevant part, as follows:

"A proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but terminates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner. The court may, however, grant extensions beyond the 6 months, as justice may require." Ill. S. Ct. R. 277(f) (eff. Jan. 4, 2013).

¶ 21 Even a cursory reading of Rule 277(f) shows that these proceedings do not, in every case, terminate automatically at the end of the six-month period. *Kirchheimer Brothers Co. v. Jewelry Mine, Ltd.*, 100 Ill. App. 3d 360, 363 (1981). As clearly stated, the circuit court is authorized to grant extensions beyond the six-month period as justice may require. *Id.* The six-month period is merely the default period. *Shipley v. Hoke*, 2014 IL App (4th) 130810, ¶ 115. "The automatic termination deadline seeks to 'force judgment creditors to move promptly to collect their

6

judgments, so that property does not remain encumbered by liens indefinitely' and to avoid undue harassment of a judgment debtor or third party." *Windcrest Development Co., Inc. v. Giakoumis*, 359 Ill. App. 3d 597, 602 (2005) (quoting *King v. Ionization International, Inc.*, 825 F. 2d 1180, 1188 (1987)); *Kirchheimer Brothers*, 100 Ill. App. 3d at 364 (the primary purpose of Rule 277(f) is to prevent harassment to those subject to the citation). This rule provides the circuit court with great discretion to adjust the length of supplementary proceedings to fit the particular needs of a given case. *Shipley*, 2014 IL App (4th) 130810, ¶ 115.

¶ 22    Here, the third-party respondents contend that the six-month period started on February 19, 2021, and terminated automatically on September 13, 2021,[2] as the Bank did not file a motion seeking good cause to extend the citations. However, the record demonstrates that, on July 27, 2021, the parties appeared before the circuit court and the court asked the parties for another date. The Bank proposed September 29, 2021, so that it could have a citation examination of the debtor. There were no objections, and the court's order provided that the citations were "entered and continued" to September 29, 2021, for status. This was the first extension under Rule 277(f) and the court continuously extended the citations thereafter. *Supra* ¶¶ 11-13.

¶ 23    The suggestion that any such extension must be accompanied by special language providing that the six-month period was extended is simply an inaccurate statement of the law. As observed by the Seventh Circuit, and cited with approval by the First District, nothing in Rule 277(f) requires a party to seek or request an extension from the court in order to avoid termination. *Laborers' Pension Fund v. Pavement Maintenance, Inc.*, 542 F.3d 189, 194-95 (7th Cir. 2008); see *Kalmin v. Varan*, 2021 IL App (1st) 200755, ¶ 27. To that end, "a creditor need not formally

---

[2]During oral argument, counsel for the third-party respondents explained it selected the September 13, 2021, date for the citations to expire because it was six months from the date they responded to the citations, which was on March 12, 2021 (relying on *Windcrest Development*, 359 Ill. App. 3d 597).

seek an extension for citation proceedings to extend, and, under Rule 277, a court, by continuing to entertain the citation proceedings may extend the proceedings 'as justice may require.' " *Kalmin*, 2021 IL App (1st) 200755, ¶ 28. This is a logical conclusion. If the court found that the Bank was entitled to a continuance and continued proceedings past the six-month period, it is an extension under Rule 277(f). To find that the Bank was required to specifically ask to extend the six-month period and receive special language from the court that the six-month period was extended would impose a condition not provided by the rule. We emphasize that, where the language of a supreme court rule is plain and unambiguous, we may not depart from its terms or read into the rule exceptions, limitations, or other conditions. *People v. Gorss*, 2022 IL 126464, ¶ 10.

¶ 24    Moreover, we find that the extensions granted in this case did not run afoul of the intent behind Rule 277(f) as there is no allegation that harassment has occurred. *Windcrest Development*, 359 Ill. App. 3d at 602; *Kirchheimer Brothers*, 100 Ill. App. 3d at 364; see *National Bank of Albany Park in Chicago v. Newberg*, 7 Ill. App. 3d 859, 865 (1972) (no injustice occurred where a court extended the six-month period where the latest extension was entered by agreement of both parties and no harassment occurred). The third-party respondents rely on *Windcrest Development*, 359 Ill. App. 3d at 602-03, for the proposition that, since they did not delay the proceedings, no extension should have been granted. We find the facts presented in *Windcrest Development* inapposite to those in the case at bar. First, the citation respondent in that case "neither delayed nor knew of the delay of the citation proceedings." *Id.* at 603. The third-party respondents in this case were aware of the extensions and participated in the proceedings where they had the opportunity to object to the extensions and failed to do so.[3] Second, the citation respondent in *Windcrest* Development

---

[3]The third-party respondents excuse this inaction by arguing before the circuit court that they "never objected during the six months because the statute gives [the Bank] six months to conclude their citation exams, and there is no point to try and to expedite to a shorter period than that." Similarly, on appeal, they

8

relied on the automatic termination in Rule 277(f) when it turned over the debtor's assets to another judgment creditor, which violated the citation. *Id.* at 603-04. The court concluded that the citation respondent correctly relied on its belief that the citation expired automatically after six months as (1) the citation respondent properly performed its duties and had no knowledge that the citation was extended and (2) it would be unjust for the citation respondent to suffer a penalty. *Id.* We simply do not have those facts here.

¶ 25 Therefore, the court erred when it found that the citations terminated automatically after six months and dismissed the citations. Based on this finding, we need not address the alternative arguments raised. We reverse the circuit court's order dismissing the citations and remand for further citation proceedings.

¶ 26 III. CONCLUSION

¶ 27 For these reasons, the judgment of the circuit court of Will County is reversed and remanded.

¶ 28 Reversed and remanded.

---

state that they did not object because the extensions had no valid legal basis. We disagree. Lack of a legal basis is a very valid reason to object during any court proceedings.